UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Angel E., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:22-CV-317-CHB |
| ) | |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, *Commissioner of* ) | **ORDER ADOPTING MAGISTRATE** |
| *Social Security*, ) | **JUDGE'S REPORT AND** |
| ) | **RECOMMENDATION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Magistrate Judge Colin H. Lindsay's Report and Recommendation ("Recommendation") [R. 14] and Plaintiff Angel E.'s objection thereto [R. 15]. The Commissioner responded, noting that Plaintiff's objections "are essentially another version of the arguments she already raised in her Fact and Law Summary" and urging the Court to adopt Magistrate Judge Lindsay's Recommendation. [R. 16, pp. 1, 5]. For the reasons that follow, the Court will adopt Magistrate Judge Lindsay's Recommendation and affirm the final decision of the Commissioner.

**I.     Background**

On October 12, 2018, Plaintiff Angel E. protectively filed an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3) (the "Act"), and on October 15, 2018, an application for Disability Insurance benefits ("DIB") under Titles II and XVI of the Act. [R. 8 (Administrative Record) (hereinafter "Administrative Transcript" or "Tr."), at 23, 81, 90, 97, 105, 114, 146, 250–65]. She alleges

disability beginning on January 1, 2018[1] due to Type 1 Diabetes, a learning disability, and Attention Deficit Hyperactivity Disorder (ADHD). [Tr. 81–82]. Plaintiff's applications were denied at the agency level, and at Plaintiff's request, a hearing was conducted in Louisville, Kentucky before Administrative Law Judge Dwight Wilkerson ("ALJ Wilkerson") on April 8, 2021. [Tr. 49–70]. ALJ Wilkerson issued an unfavorable decision on May 24, 2021. [Tr. 20–48].

ALJ Wilkerson applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Plaintiff has not engaged in substantial gainful activity for a continuous twelve-month period. [Tr. 27]. Second, Plaintiff has the severe impairments of Type 1 Diabetes, obesity, Attention Deficit Disorder (ADD), depressive disorder, anxiety, and mild intellectual disorder. *Id.* Third, none of Plaintiff's impairments or combination of impairments meets or medically equals the severity of a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App'x 1. [Tr. 28]. ALJ Wilkerson then determined Plaintiff has the residual functional capacity ("RFC") to perform "medium work" as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) with the following additional limitations:

> [The work could involve] no climbing of ladders, ropes, and scaffolds. The individual should also avoid concentrated exposure to hazards, unprotected heights and dangerous moving machinery. The individual is able to perform simple, routine tasks requiring little or no independent judgement and involving minimal variations, can interact as needed with supervisors and peers and occasionally with the public, and can adapt to occasional changes in a routine work setting.

[Tr. 32]. Fourth, ALJ Wilkerson found Plaintiff unable to perform her past relevant work as actually or generally performed. [Tr. 39]. Fifth and finally, considering Plaintiff's age, education,

---

[1] Plaintiff was previously awarded supplemental security income benefits under Title XVI as a disabled child as of December 2, 2003, due to ADHD, borderline IQ, and a learning disorder. *See* [Tr. 27]. After continuing disability reviews on October 28, 2010, and October 8, 2014, Plaintiff's benefits continued based on ADHD and mood disorders. *Id.* On redetermination after Plaintiff reached age 18, the agency ceased Plaintiff's benefits on July 11, 2018, having found Plaintiff's impairments did not cause more than moderate limitations in her mental functioning. *Id.*

work experience, and RFC, ALJ Wilkerson determined there are jobs that exist in significant numbers in the national economy that she can perform. *Id.*

Based on this evaluation, ALJ Wilkerson concluded that Plaintiff was not disabled, as defined in the Social Security Act, from January 1, 2018 through the date of her decision. *Id.* Plaintiff sought review of ALJ Wilkerson's decision. [Tr. 247–49]. The Appeals Council declined review on April 11, 2022. [Tr. 1]. At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. [R. 1].

## II.     Standard of Review

When a party timely objects, the Court reviews *de novo* only those portions of a Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). On review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review *de novo* the portions of Magistrate Judge Lindsay's Recommendation to which Plaintiff properly objects.

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or

made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### I. Analysis

Plaintiff raises three related objections to Magistrate Judge Lindsay's Recommendation, all of which concern ALJ Wilkerson's consideration of two physicians' opinions.

First, Plaintiff objects to Magistrate Judge Lindsay's finding that that she "too narrowly construes the ALJ's discussion of Dr. Klem's and Dr. Bewley's opinions" in her Fact and Law Summary. [R. 15, p. 1 (quoting [R. 14 (Report and Recommendation), p. 10)]. She suggests, "a general summary of the evidence – without more – is insufficient to explain how the factors inform the ALJ's decision to reject outcome determinative restrictions." *Id.* at 2. Along the same lines, Plaintiff next argues Magistrate Judge Lindsay's finding that ALJ Wilkerson's discussion of both Dr. Bewley's and Dr. Klem's opinions comported with the applicable standards "could only be reached by improper post hoc rationalization." *Id.* at 3.

In response, the Commissioner offers, "as recognized by the Magistrate Judge, the ALJ's analysis of [Dr. Klem's and Dr. Bewley's] opinions was not restricted solely to the paragraph Plaintiff references." [R. 16, p. 2]. And contrary to Plaintiff's assertion that Magistrate Judge Lindsay approved of a "general summary of the evidence" by ALJ Wilkerson, [R. 15, p. 2], the Commissioner notes ALJ Wilkerson "expressly referenced the medical evidence in his analysis of Dr. Klem's and Dr. Bewley's medical opinions and his overall discussion sufficiently explained how he considered the medical evidence in evaluating their persuasiveness." [R. 16, p. 2]. Further, the Commissioner suggests "Plaintiff's claim that the Magistrate Judge's finding that the ALJ's discussion encompassed both regulatory factors amounted to post hoc rationalization misses the

mark" because Magistrate Judge Lindsay "did not provide a rationale that was not already considered by the ALJ in evaluating the opinions." *Id.* at 3.

As Magistrate Judge Lindsay correctly recognized, *see* [R. 14, p. 6], the new regulations for evaluating medical opinions are applicable here since Plaintiff's claim was filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c (2017). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). The administrative law judge need only explain how she considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2).

The portion of ALJ Wilkerson's analysis that Plaintiff points to in suggesting he only generally summarized Dr. Klem's and Dr. Bewley's opinions reads as follows:

> The October 2019 consultative opinion of Dr. Klem in Ex. B11F is not persuasive for marked limitations, but rather is persuasive for generally moderate restrictions in all aspects of the B criteria. This conclusion is supported by the level of conservative and at times episodic mental health treatment the claimant has received during the relevant period, with no documentation of any significant decompensations or need for inpatient treatment or crisis intervention. Again, aside from intermittent depression and anxiety with some inattentiveness, mental status exams otherwise have generally been within normal limits. Moreover, throughout the relevant period, the claimant's activities of daily living have been fairly routine and varied, and inconsistent with an individual having marked limitations in functioning. The April 2018 consultative exam opinion of Dr. Bewley in Ex. B2F

> is more persuasive, as it portrays a level of functioning more consistent with the objective record and the claimant's self-described activities of daily living[.]

[Tr. 38]. However, as Magistrate Judge Lindsay acknowledged, ALJ Wilkerson further discussed the objective findings of Drs. Bewley and Klem in making his RFC determination. With respect to Dr. Bewley's April 17, 2018 examination of Plaintiff, ALJ Wilkerson observed that Dr. Bewley documented a Wechsler Adult Intelligence Scale-IV Full Scale IQ score of 70, which was consistent with "mild intellectual disability." [Tr. 34]. However, ALJ Wilkerson noted that Dr. Bewley's "exam indicated no more than mild to moderate limitations and was used in part to support the age 18 redetermination finding the claimant no longer disabled." [Tr. 34–35].

Next, regarding Dr. Klem's October 13, 2019 examination of Plaintiff, ALJ Wilkerson noted that Dr. Klem "assessed moderate to marked limitations in all aspects of mental functioning" but found that "[t]he suggestion of marked limitations is not persuasive in light of the claimant's clinical presentation, other overall evidence of record, and her self-described activities of daily living." [Tr. 35]. The evidence ALJ Wilkerson relied on in reaching that conclusion included Plaintiff's own testimony regarding her part time work at McDonalds, her special education classes, "severe reading and writing difficulties as an adult," depression diagnosis, and post-traumatic stress disorder. *Id.* ALJ Wilkerson particularly emphasized Plaintiff's reports of "living in an apartment with her three-year old son," being able to take care of her grooming and hygiene, performing childcare activities, grocery shopping, preparing food, and attending church and medical appointments. *Id.* ALJ Wilkerson thoroughly discussed Dr. Klem's findings before determining that "Dr. Klem diagnosed unspecified depressive disorder; post traumatic stress disorder; and mild intellectual disability." *Id.* He also observed that Dr. Klem found moderate-to-marked limitations in "claimant's ability to understand and retain simple one or two-step instructions and work-like procedures, her ability for sustained concentration of [sic] persistence

to complete tasks in a timely fashion, and her ability to adapt to pressures and changes normally found in the day-to-day work setting." [Tr. 36]. ALJ Wilkerson further acknowledged Dr. Klem's finding that Plaintiff is markedly limited in her ability to engage socially. *Id.*

Continuing with his thorough evaluation, ALJ Wilkerson next summarized Plaintiff's mental health treatment records and her presentation on a subsequent consultative evaluation. [Tr. 36–37]. He determined, based on this evidence, that Plaintiff's "mental health treatment records repeatedly indicate[d] no more than mild to moderate functional limitations." [Tr. 36.] Similarly, ALJ Wilkerson observed that Plaintiff's "exams at primary care, endocrinology, the ER, and other treatment facilities" did not support her claimed level of mental impairment. [Tr. 37]. He summarized that "[C]laimant's overall mental health treatment ha[d] been conservative and largely consist[ed] of outpatient counseling, where [] her mood ha[d] generally been assessed as euthymic"; her affect was congruent; psychosis or impaired thought content was not documented; and her memory, insight, and judgment were generally intact. *Id.* He noted that Plaintiff "ha[d] not required psychiatric admission, nor crisis stabilization." *Id.* ALJ Wilkerson also emphasized that Plaintiff "ha[d] at times performed work activity at substantial gainful activity levels and that such work seems to have involved fairly constant interaction with others, including the public." *Id.*

At that point, after having previously discussed Dr. Brewley's and Dr. Klem's findings alongside the other evidence of record, ALJ Wilkerson revisited their findings and opined on their persuasiveness in the block-quoted paragraph above, on which Plaintiff bases her objections. The Court therefore agrees with Magistrate Judge Lindsay's finding that Plaintiff "too narrowly construes the ALJ's discussion" of the physicians' opinions. [R. 14, p. 10]. Not only did ALJ Wilkerson clearly consider the physicians' opinions beyond the single paragraph Plaintiff points to, he thoroughly discussed them as required by the regulations. *See Hill v. Comm'r of Soc. Sec.*,

560 F. App'x 547, 551 (6th Cir. 2014) (recognizing that an ALJ's decision should be read as a whole); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (recognizing that when sufficient factual findings are made elsewhere, an ALJ need not "spell out every fact a second time"). Moreover, as Magistrate Judge Lindsay found, in assessing the persuasiveness of the physicians' opinions, "the ALJ may not have used the words 'consistency' or 'supportability,' but his discussion incorporates those issues in the context of his assessment of the overall record in such a way that a reviewing court can trace the path of his reasoning without speculation." [R. 14, p. 11].

Interestingly, Plaintiff relies on *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213 (W.D. Ky. Aug. 22, 2022), in support of her argument that ALJ Wilkerson committed reversible error in his assessment of the physicians' opinions. In *Chaney*, a court in this district found harmless error where, as here, a claimant suggested the ALJ "did not adequately explain how the supportability factor was considered in assessing [a physician's] opinion[.]" *Id.* at *4. The court explained that although, "[g]enerally speaking, an ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the [administrative law judge] may be justified based on the record,' . . . under some circumstances, the failure to properly apply such rules can be harmless error." *Id.* (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)) (add'l citations omitted). Specifically, the court continued, "the Sixth Circuit indicated a violation of a procedural rule can be deemed 'harmless error'" where "the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation." *Id.* (citing *Cole*, 661 F.3d at 940; *Moulden v. Kijakazi*, No. 1:20-CV-00152-HBB, 2022 WL 178588, *7 (W.D. Ky. Jan. 19, 2022)). Because, in *Chaney*, the ALJ thoroughly discussed the medical opinion alongside the other evidence of record, the court found

"that the ALJ achieved the regulation's goal of providing notice to Plaintiff of the reasons why [the] opinion was only 'somewhat persuasive.'" *Id.* "As a result, any failure to properly articulate the supportability factor was harmless." *Id.* So too here. The Court agrees with Magistrate Judge Lindsay that ALJ Wilkerson sufficiently discussed the persuasiveness of the physicians' opinions. And, "even if []he failed to do so, such error was harmless because []he achieved the regulation's goal of providing notice to Plaintiff of the reasons" behind his findings on persuasiveness. *Id.* at 5.

Plaintiff suggests the facts of her case are distinguishable from those in *Chaney* and, therefore, that this Court should reach a different outcome. Plaintiff submits, "[u]nlike the facts in *Chaney*, the ALJ in the case at bar purportedly found Dr. Bewley's opinion persuasive" but "provided Plaintiff no explanation as to why portions of the opinion were rejected." [R. 15, p. 5]. Plaintiff also raised this argument in her Fact and Law Summary, to which Magistrate Judge Lindsay aptly noted, "Claimant presented no authority requiring an ALJ who finds an opinion persuasive to adopt it verbatim." [R. 14, p. 11]. Rather, as Magistrate Judge Lindsay observed, "the opposite is true: 'an ALJ need not adopt a medical opinion verbatim, even if he found it persuasive.'" *Id.* (quoting *Bryson v. Comm'r of Soc. Sec.*, No. 3:20-CV-667-CHB, 2022 WL 945318, at *4 (W.D. Ky. Mar. 29, 2022)) (add'l citations omitted). ALJ Wilkerson appropriately considered the opinions of Drs. Brewley and Klem alongside the objective medical evidence and declined to adopt portions of those opinions that were not supported by that evidence. The Court finds no error in ALJ Wilkerson's assessment and further finds that Magistrate Judge Lindsay's same conclusion was in no way an "improper post hac rationalization," as Plaintiff suggests. [R. 15, p. 3]. The Court will therefore overrule Plaintiff's objections on this issue.

Plaintiff's third objection does not address any specific finding made by Magistrate Judge Lindsay, but broadly asserts that "the ALJ failed to achieve the regulation's goal of providing notice to Plaintiff of the reasons why both psychologists' opinions were rejected." *Id.* at 5. Plaintiff submits that ALJ Wilkerson's "violation of the regulations in the case at bar is not harmless error" and urges the Court to remand for further proceedings. *Id.* at 7. The Court notes, first, that this type of "general objection" does not allow for meaningful review of Magistrate Judge Lindsay's findings, "thereby making the initial reference to the magistrate [judge] useless." *Cline v. Myers*, 495 F. App'x 578, 580 (6th Cir. 2012) (citation omitted). The Sixth Circuit has explained that "the district court need not provide de novo review where the objections are '[f]rivolous, conclusive or general'" because "[t]he parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal citations omitted). A general objection to a magistrate judge's report and recommendation is treated as a failure to object, *Cline*, 495 F. App'x at 580, (citation omitted), and the Court need not review a magistrate judge's findings when no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Second, and most importantly, because, as discussed above, ALJ Wilkerson complied with the regulation and provided adequate explanations for rejecting Dr. Klem's and Dr. Bewley's opinions, the Court disagrees that he failed to achieve the Agency's goal of providing notice to claimants concerning the acceptance or rejection of medical opinions.

For all these reasons, the Court will overrule Plaintiff's objection, adopt Magistrate Judge Lindsay's Report and Recommendation, and affirm the Commissioner's decision.

**IT IS THEREFORE ORDERED** as follows:

- 11 -

1. Magistrate Judge Lindsay's Report and Recommendation [**R. 14**] is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Objection to the Report and Recommendation [**R. 15**] is **OVERRULED**.

3. The final decision of the Commissioner is **AFFIRMED**.

4. A separate Judgment will be entered consistent with this Order.

This the 14th day of July, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc:     Counsel of record